STATE of Missouri, Respondent,

v.

Carlos VAUGHN, Appellant.

No. ED 93944.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 14, 2010.

Timothy J. Forneris, St. Louis, MO, for Appellant.

Chris A. Koster, Attorney General, Jefferson City, MO, for Respondent.

Before KURT S. ODENWALD, P.J., and ROBERT G. DOWD, JR. and NANNETTE A. BAKER, JJ.

## ORDER

PER CURIAM.

Carlos Vaughn ("Defendant") appeals from the judgment upon his conviction by a jury of second-degree felony murder, Section 565.021 RSMo 2000,[1] first-degree robbery, Section 569.020, and two counts of armed criminal action, Section 571.015. Defendant argues the trial court: (1) clearly erred in overruling his motion for judgment of acquittal at the close of all of the evidence and in sentencing him for felony murder because the State failed to prove the victim was killed as a result of the perpetration of the first-degree robbery; (2) erred in overruling defense counsel's motions for judgment of acquittal because the State's evidence was insufficient to sustain the jury's finding of guilt on the charges of first-degree robbery and armed criminal action; (3) erred and abused its discretion in overruling his motion for severance and permitting the State to try Ronald Halkmon ("Ronald"[2]), Kerry Green ("Kerry"), and Defendant in a single trial because there was substantial and material evidence that was admissible against Ronald, but not Defendant; and (4) erred and abused its discretion in permitting the State to present the testimony of Marnesa Lewis ("Marnesa") that Avedou Halkmon ("Avedou") told her he saw Kerry and Defendant in the victim's pockets.

We have reviewed the briefs of the parties and the record on appeal and find the claims of error to be without merit. An opinion reciting the detailed facts and re-

stating principles of law would have no precedential value. The parties have been furnished with a memorandum for their information only, setting forth the reasons for this order. The judgment is affirmed in accordance with Rule 30.25(b).

---

1. All further statutory references are to RSMo 2000.

2. Because some of the people involved in this case have the same last name, we will use first names to avoid confusion.